**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DAVID ALAN COKER,                    :
AIS 244873,

                                    :

       Petitioner,

                                      :

vs.                                                      CA 09-0766-CG-C

                                      :

BILLY MITCHEM,

                                      :

       Respondent.

## REPORT AND RECOMMENDATION

       David Alan Coker, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

       1.      On November 7, 2005, petitioner entered a counseled guilty plea to incest. (Doc. 5, Exhibit A, Case Action Summary Sheet, at 4; *see also* Doc.

5, Exhibit B, Guilty Plea Transcript, at 3-8) Coker was sentenced to ten years imprisonment on December 15, 2005. (Doc. 5, Exhibit A, Case Action Summary Sheet, at 4; *see also* Doc. 5, Exhibit B, Sentencing Tr., at 36) Petitioner did not file a direct appeal. (*See* Doc. 5, Exhibit A, Case Action Summary Sheet, at 5 & 6) Instead, Coker's retained trial attorney filed a motion for new trial, or, alternatively, to alter or amend the judgment on January 12, 2006 (*id*. at 5); this motion was denied by the trial court on February 23, 2006 (*id*. at 6).

2.      Thereafter, petitioner did nothing until he filed, through his retained trial attorney, a Rule 32 petition seeking collateral relief in the Circuit Court of Mobile County, Alabama on May 17, 2007. (Doc. 5, Exhibit A, Case Action Summary Sheet, at 7) Sometime between this date and February 20, 2008, Coker retained a new attorney, Richard D. Yelverton, Esquire, who filed a new Rule 32 petition on February 20, 2008. (Doc. 5, Exhibit A, PETITION FOR RELIEF PURSUANT TO RULE 32) Therein, newly retained counsel contended that Coker was deprived of effective assistance of counsel due to counsel assuring him that he would receive a probationary sentence and that his guilty plea was unlawfully induced based upon a falsely-promised sentence by his attorney. (*Id*.) An evidentiary hearing was held over the course of two

2

days, specifically February 21 & 28, 2008 (Doc. 5, Exhibit A, Rule 32

Evidentiary Hearing Transcript, at 1-69),[1] the trial court denied the petition on

the merits (Doc. 5, Exhibit A, June 11, 2008 ORDER). Coker filed written

notice of appeal on July 18, 2008. (Doc. 5, Exhibit A, WRITTEN NOTICE OF

APPEAL)

      3.     On May 22, 2009, the Alabama Court of Criminal Appeals, by

memorandum opinion, affirmed the trial court's judgment denying Coker's

Rule 32 petition. (Doc. 5, Exhibit C)

> Coker filed the present petition on May 17, 2007,
> alleging that his guilty plea was not knowingly or voluntarily
> entered with an understanding of the consequences of the plea.
> On February 20, 2008, Coker filed an amended petition in which
> he asserted equitable tolling, reargued his claim that his plea was
> involuntarily entered based on counsel's assertions that he
> would receive probation, and argued that counsel was
> ineffective for promising that he would receive a probationary
> term of punishment if he pleaded guilty. On February 21, 2008,
> the circuit court conducted a hearing on the petition at which
> Coker asserted that the petition should be considered timely
> under the doctrine of equitable tolling; the State indicated that
> it was waiving any challenge to the timeliness of the petition;

---

[1]     During the first day of the hearing, the State of Alabama waived the one-year
limitations period contained in Ala.R.Crim.P. 32 (Tr. at 4 ("I've told Mr. Yelverton I'm not
going to sit around and quibble over some technicality. He's asked me whether I waive any –
and I do, if there's a problem with the timeliness, I waive any position that the State might take
adverse to their interest.")) and the trial court equitably tolled the limitations period (*see id*. at 8
("Without objection from the State and based upon the letters you've shown me, I'll accept the
fact that I'll act on the petition that's before me having an equitable tolling of the limitation
period.")).

Coker proffered a timeline to support his assertion that the petition should be considered timely; and the circuit court found the petition to be properly before the court under the doctrine of equitable tolling. Coker called a number of family members who testified on his behalf essentially seeking reconsideration of his sentence. The circuit court noted that a second hearing would have to be conducted since Coker's trial counsel was not present; Coker's Rule 32 counsel informed the trial court that the basis for the Rule 32 petition was that the plea was involuntary due to trial counsel's assurances that Coker would receive probation. On February 28, 2008, the circuit court conducted a hearing at which Coker and Coker's trial counsel, Al Pennington, testified. Following that hearing, the circuit court issued a written order on June 11, 2008, denying the petition. On July 9, 2008, Coker filed a motion for reconsideration of the denial of his petition.

Coker reiterates his claims that his guilty plea was involuntary and his trial counsel ineffective, with both claims premised on Coker's assertion that counsel promised Coker that he would receive probation if he pleaded guilty.

It is well-settled that the voluntariness of a guilty plea may be raised for the first time in a timely filed Rule 32 petition. See Gordon v. State, 987 So.2d 1181 (Ala.Crim.App. 2006). Further, "'a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary.'" Gilmore v. State, 937 So.2d 547, 550 (Ala.Crim.App. 2005), quoting Ex parte Blackmon, 734 So.2d 995, 997 (Ala. 1999).

> "To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2052; Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987). In the context of a guilty-plea proceeding, a petitioner must show

4

that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)."

Johnson v. State, 988 So.2d 1069, 1073 (Ala.Crim.App. 2007).

At the February 28, 2008, evidentiary hearing, Al Pennington testified that he and another attorney, David Barnett, represented Coker on the charged offenses; that they talked with and met with Coker on a number of occasions; that they engaged in ongoing plea negotiations with the prosecutor's office; and that they eventually reached an agreement whereby Coker would enter a blind plea to the Class C felony of incest, and two Class B felonies also pending against Coker would be dismissed. Pennington testified that he explained the "blind plea" to Coker as Coker would plead guilty to the incest count, the two remaining charges would be dismissed, and the State "would have no recommendation for or against an appropriate sentence." (R. 23.) Pennington stated that he told Coker the range of punishment he faced was "one to ten." (R. 23.) Pennington further stated, in response to a question as to whether he explained to Coker that he could receive the maximum punishment, that he had explained that fact to Coker at the time Coker signed the plea form. Pennington further testified that he informed Coker he could not make any promises as to what sentence he would receive. Pennington stated that he told Coker that, based on his conversations with the prosecution, the fact that the prosecution was not going to take any position as to the sentencing, and the fact that Coker had accepted responsibility for his actions on the incest charge and made a full statement to authorities, he "thought there was a substantial likelihood that he would get a long probationary sentence" (R. 25); that he told Coker that "acceptance of responsibility would go a long way toward gaining a probationary sentence" (R. 26); and that he "thought [Coker] had an excellent chance [at receiving probation,] and told him that." (R. 27.) Pennington also testified that he never guaranteed to Coker or to any other

5

client that they would receive a certain sentence in a plea situation. Pennington expressly denied ever representing to Coker that the judge and the prosecutor had agreed to a five-year probationary sentence. Pennington stated that, in Coker's mind, counsel's statements that Coker had a substantial likelihood of receiving probation probably constituted a substantial factor in Coker's decision to accept the plea offer.

Coker testified at the Rule 32 hearing that he only met with Pennington once in passing at Barnett's office in the months leading up to trial; that he met with Pennington for approximately 10-15 minutes the weekend before he entered his plea at Pennington's office; that he was told if he pleaded guilty he would get probation and be allowed to return to his home in Virginia; that his attorneys told him the trial judge and the prosecutor had agreed to a five-year probationary term; that Pennington merely handed him the plea form minutes before they entered the plea and told him to sign it; that when he saw the range of punishment on the plea form he became upset and Pennington told him not to worry about it; and that he did not learn the meaning of the term "blind plea" until he was sent to prison after his sentencing. Coker further testified that Pennington told him what to say at the plea hearing; that he had not read the plea form; and that counsel had not explained the plea form to him.

The judge who ruled on the merits of Coker's Rule 32 petition was the same judge who accepted his guilty plea and imposed the 10-year sentence. During the hearing on the petition, the circuit court's comments indicated that it also reviewed the transcript from the guilty-plea and sentencing proceedings in conjunction with the testimony being presented at the Rule 32 hearing. Indeed, the circuit court, at one point during the February 28, 2008, hearing on the petition, read excerpts from the plea hearing where the trial court questioned Coker, and Coker responded affirmatively, as to his understanding of the plea process; his understanding that the range of punishment was "a possible period of incarceration

from a year and a day up to ten years in the penitentiary" (R. 40); and his understanding that the State was not making any recommendation as to sentencing but that the trial court would, after receiving a presentence investigation, determine an appropriate sentence to impose.

.     .     .

Coker cites to Minor v. State, 627 So.2d 1071 (Ala.Crim.App. 1992), for the proposition that "if an absolute representation was made to the Defendant that he would get probation if he pleaded guilty, and it was determined that the Defendant would not have pleaded guilty but for this advice, then the trial court should determine whether the Defendant should be allowed to withdraw his guilty plea to correct a manifest injustice." (Coker's brief at p. 15.) We agree, however, the evidence presented at the evidentiary hearing in this case did not establish the existence of any absolute representations that Coker would, in fact, receive a probationary sentence. Rather, the circuit court obviously resolved the conflict in the evidence adversely to Coker. It is apparent from the circuit court's comments during the evidentiary hearing that the circuit court found that Coker was aware at the time he entered his plea that he could be sentenced to up to ten years in prison and that the trial judge would make that determination at sentencing. It is further apparent from the circuit court's order denying the petition that the circuit court found that trial counsel had advised Coker about the nuances of a "blind plea" which, we interpret to include that, although counsel informed Coker that there was a substantial likelihood that he might receive probation, counsel informed Coker that he could also be sentenced to up to ten years in prison, and thus, that Coker had entered into the plea with a full understanding of the consequences of his plea. The record supports these findings and the circuit court's conclusion that the allegations in Coker's petition were without merit.

For these reasons, we affirm the circuit court's judgment.

7

(*Id*. at 1-5 & 6 (internal footnotes omitted)) Coker's application for rehearing was overruled on July 17, 2009 (Doc. 5, Exhibit D) and his petition for writ of certiorari to the Alabama Supreme Court was denied on September 11, 2009 (Doc. 5, Exhibit E). A certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on September 11, 2009. (Doc. 5, Exhibit F)

4.     Coker filed the instant petition on or about November 5, 2009 (*see* Doc. 1, at 13) and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) his conviction was obtained by a plea of guilty which was unlawfully induced without an understanding of the consequences of the plea; (2) his trial attorney provided constitutionally ineffective assistance; and (8) the trial court was without subject-matter jurisdiction to amend the original indictment to charge a count of incest where the statute of limitations for incest had expired (*id.* at 7-8 & 14). Petitioner specifically averred in his complaint that "[w]hile more than one year has expired as to the date of conviction, the period of time for which the time for seeking review pursuant to § 2244(d)(1)(A) is appropriately within purview." (*Id*. at 12)

5.     In answer to the petition, the respondent claims that Coker's

federal habeas petition comes too late and is time-barred under 28 U.S.C. § 2244(d). (*See* Doc. 5, at 4-6) Coker was extended the opportunity to respond to the statute-of-limitations defense (*see* Doc. 6) and he did so on March 3, 2010 (Doc. 7).

> 1.      Reference page 2 of the Alabama Court of Criminal Appeals Memorandum issued in the instant case on May 22, 2009, wherein the court denoted inter alia: "the State indicated that it was **waiving** any challenge to the timeliness of the petition . . . ." **Id**. This was proper, as the petitioner had presented evidence that he had done his due diligence in the effort to have the petition filed, but was misled by his attorneys of record as to their filing. You can denote in the exhibits enclosed with this reply, that the attorney's (sic) for your petitioner had led him to believe that a petition had been filed properly.

> 2.      The included correspondence from the attorney's (sic) to the petitioner indicate that Coker believed that said petition was filed prior to January 2007.

> 3.      If a "properly filed" application for state post-conviction or other collateral review with respect to the judgment of conviction was pending at any time during the one-year period, the time during which the application was pending does not count towards the one-year period. **28 U.S.C. § 2244(d)(2).** Moreover, the AEDPA statute of limitations is **not** jurisdictional and may itself be equitably tolled. **Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert denied., 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000).** "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" **Smaldone v. Senkoski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017, 122 S.Ct. 1606, 152 L.Ed.2d 621 (2002)** (quoting **Smith**, 208 F.3d at 17). A petitioner must, "demonstrate that he acted with 'reasonable

diligence' during the period he wishes to have tolled, but that despite his efforts, circumstances 'beyond his control' prevented successful filing during that time." **Id**. See also[] **Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).**

4.      Coker[,] as determined by the State Court's (sic) of Alabama[,] did exercise his due diligence with regard to the timeliness of his Rule 32 filing. The Rule 32 filing tolls the applicable statute pursuant to **§ 2244, supra.** The state failed to raise as an affirmative defense in the trial court, or in the appellate court's (sic) of Alabama the procedural bar at issue in the instant case[,] namely, a preclusive bar under **Rule 32.2(a), Ala.R.Crim.P.** As such, they should be collaterally estopped[] from presenting such a defense in this proceeding.

5.      Additionally, even given that the court allow the state to present a preclusion at this date as to the timeliness[,] it must be noted that Coker's claims presented include inherent to the dispositive question, his actual innocence of the conviction at bar. As such, this § 2254 pleading would be applicable to the exception to any time bar pursuant to **Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).**

WHEREFORE, PREMISES CONSIDERED, PETITIONER would pray that this Honorable Court deny any statute-of-limitations defense that is now collaterally estopped in this proceeding, and issue a response ORDER upon the Respondent[] to address the substantive questions raised in the § 2254 pleading.

(*Id*.)

## **CONCLUSIONS OF LAW**

### A.      **Statute of Limitations.**

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Coker's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his incest conviction became final.[2]   "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."  *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Coker's conviction became final in 2006.

3.      Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" Since he did not file a direct appeal from his conviction and sentence, Coker's incest conviction became final on January 26, 2006[3] when

_____

[2]      Petitioner admits that § 2244(d)(1)(A) is applicable to his case. (*See* Doc. 1, at 12)

[3]      Even if this Court did not begin to the run the 42 days for appeal until after the Circuit Court of Mobile County, Alabama denied Coker's motion for a new trial on February 23, 2006, petitioner's one-year statute of limitations would have begun to run on April 6, 2006 and would have expired on April 6, 2007.

the forty-two-day period in which to orally or in writing file notice of appeal expired.  Rule 4(a), Ala.R.App.P.; *Symanowski v. State*, 606 So.2d 171 (Ala. Crim. App. 1992); s*ee Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) ("Bridges pled guilty to terroristic threats, aggravated assault and stalking charges, and was sentenced to 26 years' imprisonment on November 12, 1996. He did not appeal his convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6. . . .  As provided in 28 U.S.C. § 2244(d)(1)(A), his judgment became final on the date that the time for seeking direct review expired; this date was not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeal process under Georgia law. . . . Accordingly, Bridges' judgment of conviction became final on December 21, 1996, the date on which his 30-day right to appeal the November 21, 1996 judgment expired."); *Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. . . .  The mandate issued on February 14, 1997. . . . Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's mandate issued on

13

February 14, 1997, and thus he had until February 13, 1998, to file his § 2254

petition, absent tolling of the limitations period."), *cert. denied*, 534 U.S. 1144,

122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[4]

4.    Coker's one-year period of limitations under AEDPA began to

run on January 26, 2006 and expired on January 26, 2007. Petitioner is unable

to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. §

---

[4]    This Court recognizes that AEDPA's one-year statute of limitations "allows a
prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh v.
Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th
Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States
Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme
Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have
begun to run until this 90-day window had expired. Appellant's state judgment became final on
December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing.
The statute of limitations should have begun to run, therefore, on March 17, 1997."). However,
in those instances, as here, where a petitioner is not entitled to seek review in the Supreme Court
of the United States, he is not entitled to benefit from the 90-day period for filing a petition for
writ of certiorari in the United States Supreme Court, Sup. Ct. R. 13.1 ("Unless otherwise
provided by law, a petition for writ of certiorari to review a judgment in any case, civil or
criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this
Court within 90 days after the entry of the judgment. A petition for a writ of certiorari seeking
review of a judgment of a lower state court that is subject to discretionary review by the state
court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order
denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by
the highest court of a State in which a decision could be had, may be reviewed by the Supreme
Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or
claimed under the Constitution or the treaties or statutes of, or any commission held or authority
exercised under, the United States."). *See Pugh*, 465 F.3d at 1299-1300. As previously
established, Coker did not appeal his conviction and sentence; therefore, he was not entitled to
seek direct review in the United States Supreme Court. *See id*. As aforesaid, Coker's conviction
became final when the forty-two days for appeal ran, *see Symanowski, supra*, and this Court
need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1,
*compare Pugh*, 465 F.3d at 1299-1300 *with Tinker, supra*, 255 F.3d at 1332 & 1333.

2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he filed his Rule 32 state collateral attack on his conviction and sentence following the expiration of the limitations period. *Compare McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009) ("While a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition.") *with Howell v. Crosby,* 415 F.3d 1250, 1251 (11th Cir. 2005) ("On March 19, 1999, Howell's attorney filed a motion for an extension of time

within which to file a petition for postconviction relief. That motion was granted and Howell's attorney filed a state petition for postconviction relief on August 30, 1999, more than two months after the federal limitations period elapsed. It is undisputed that Howell's motion for an extension of time did not meet the criteria of section 2244(d)(2) as a 'properly filed application' for postconviction relief."), *cert. denied*, 546 U.S. 1108, 126 S.Ct. 1059, 163 L.Ed.2d 885 (2006), *and Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a

state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.").[5] Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

     5.    The Eleven Circuit has clearly embraced the doctrine of

---

[5]     Thus, *McCloud, Howell*, *Webster*, and *Pace* clearly **REJECT** Coker's implicit contention that his Rule 32 petition should be deemed by this Court "properly filed" and pending prior to the running of the one-year period in light of the state trial court's equitable tolling of Alabama's one-year limitations period and his asserted "belief" that the Rule 32 petition had been filed prior to January of 2007. The clear fact is that Coker's Rule 32 petition was filed after the one-year limitations period expired and, therefore, there was no period left to be tolled under § 2244(d)(2).

In addition, petitioner's "related" argument that the respondent should be collaterally estopped from raising the one-year limitations period in § 2244(d) is due to be **REJECTED** inasmuch as this issue has yet to be litigated to judgment, *see* BLACK'S LAW DICTIONARY, at 298 (9th ed. 2009) (defining collateral estoppel as "[t]he binding effect of a judgment as to matters actually litigated and determined in one action on later controversies between the parties involving a different claim from that on which the original judgment was based[]" and as "[a] doctrine barring a party from relitigating an issue determined against that party in an earlier action, even if the second action differs significantly from the first one."); it is only now that this issue will be litigated to judgment. The fact that the State of Alabama waived Alabama's one-year limitations period for filing a state collateral attack (i.e., a Rule 32 petition) with respect to Coker's incest conviction has no bearing on the State of Alabama raising AEDPA's one-year limitations period as a defense in this Court inasmuch as a different limitations period is at issue. In other words, this Court does not have to find equitable tolling of AEDPA's statute of limitations based upon the simple fact that the Circuit Court of Mobile County, Alabama did petitioner the favor of equitably tolling the state statute of limitations on collateral state petitions.

equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and

18

bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

    6.    In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period.[6] Instead, he contends that since, as determined

---

[6]    In truth, such an argument would not serve as a basis to equitably toll the limitations period. *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. 2005) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *see also Burton v. Deloach,* 2008 WL 2131398, *2 (M.D. Ala. 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to

by the state courts of Alabama, he exercised due diligence with respect to his Rule 32 state petition and the state trial court equitably extended that state limitations period for filing his collateral petition, AEDPA's one-year limitations period should be equitably tolled. (*See* Doc. 7, at 1-2) Unfortunately for Coker, this equitable tolling argument has been specifically rejected by the Eleventh Circuit. *See Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson argues that because the state court explicitly extended the state limitations period for filing his Rule 3.850 motions and the State did not object to the state court's extension, the federal limitations period for his § 2254 petitions must be equitably tolled. However, this Court has already held that a federal habeas petitioner is not entitled to equitable tolling merely because the state court granted an extension of time to file his state post-conviction petitions. Moreover, our precedent provides that federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril. Based on the record in this particular case and our binding precedent, we cannot say that the district court erred in concluding that Johnson had not demonstrated entitlement to equitable tolling of AEDPA's

---

warrant equitable tolling of the limitation period."); *see Teel v. Farrell*, 2006 WL 1148817, *4 (M.D. Ala. 2006) ("[A]n inmate's status as a pro se litigant does not warrant equitable tolling.").

statute of limitations." (internal citations omitted)), *cert. denied sub nom.*

*Johnson v. McNeil,* ____ U.S. ____, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008).

Moreover, as explained by the Supreme Court, a habeas petitioner can avoid

running afoul of AEDPA's one-year limitations period while pursuing state

collateral relief "by filing a 'protective' petition in federal court and asking the

federal court to stay and abey the federal habeas proceedings until state

remedies are exhausted." *Pace, supra*, 544 U.S. at 416, 125 S.Ct. at 1813

(citation omitted). While petitioner may very well have exercised due diligence

in attempting to file his Rule 32 petition, he did not exercise due diligence in

filing the instant petition and, therefore, the undersigned is unable to find that

this is one of those rare cases in which principles of equitable tolling can save

petitioner from AEDPA's one-year limitations period.[7]

---

[7]     "[N]either an alleged inadequate prison law library nor limited access thereto
establishes extraordinary circumstances which justify an equitable tolling of the limitation
period." *Teel, supra,* at *1 (citations omitted) Moreover, "[a] petitioner's reliance on the
assistance and/or erroneous advice of an inmate clerk fails to establish extraordinary
circumstances necessary to excuse the untimely filing of a petition." *Burton, supra,* at *6
(citation omitted). Finally, the Eleventh Circuit has repeatedly determined that "attorney
negligence is not a basis for equitable tolling[,]" *Holland v. Florida,* 539 F.3d 1334, 1339 (11th
Cir. 2008) (citations omitted), *cert. denied,* ___ U.S. __, 130 S.Ct. 398, 175 L.Ed.2d 267 (2009);
*see also Lawrence v. Florida,* 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)
("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the
postconviction context where prisoners have no constitutional right to counsel."), "especially
when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing
deadline." *Howell, supra,* 415 F.3d at 1252.

7.     Coker's final contention is that the one-year limitations period should be equitably tolled since he is actually innocent of incest. (*See* Doc. 7, at 2 ("[E]ven given that the court would allow the state to present a preclusion at this date as to the timeliness[,] it must be noted that Coker's claims presented include inherent to the dispositive question, his actual innocence of the conviction at bar.")) Although the Eleventh Circuit has not yet decided "whether a showing of actual innocence is an exception to the one-year statute of limitations in AEDPA[,]" *Ray v. Mitchem*, 272 Fed.Appx. 807, 810 n.2 (11th Cir.), *cert. denied*, __ U.S. __, 129 S.Ct. 204, 172 L.Ed.2d 170 (2008), it has guided courts to make the actual innocence inquiry as opposed to "addressing the difficult constitutional question of whether the limitations period constitutes a violation of the Suspension Clause if the petitioner can show actual innocence[.]" *Id.* To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence."). Coker has not come forward with any new reliable evidence which establishes his actual innocence of incest and thereby undermines his guilty plea to the Class C felony. Accordingly, his federal habeas petition is time-barred. *Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

8.      Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows .

23

. . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""'"). Inasmuch as petitioner admitted when he filed this habeas petition that same was untimely filed (*see* Doc. 1, at 12) and equitable tolling is an extraordinary remedy which the Eleventh Circuit has rarely granted, *see Diaz, supra*, 362 F.3d at 701 ("[T]his court has rejected most claims for equitable tolling."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Coker should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

24

should be allowed to proceed further.").

## **CONCLUSION**

The Magistrate Judge recommends that David Alan Coker's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 11th day of March, 2010.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[8]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).